UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES DOWD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:18-cv-42 |
| VERMONT MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO SCHEDULE TRIAL DATE**
**(Docs. 42, 53)**

This underinsured motorist insurance case arises from a motor vehicle collision in February 2016 in North Miami Beach, Florida. There were two drivers—Yaakov Dov and plaintiff James Dowd. Mr. Dov was insured by Liberty Mutual which has paid the policy limit of $100,000 to Mr. Dowd. At the time of the collision, Mr. Dowd was insured by Defendant Vermont Mutual Insurance Company ("Vermont Mutual"). His policy includes underinsured motorist ("UIM") coverage.

Mr. Dowd has filed suit against Vermont Mutual on essentially two theories: breach of contract for coverage due under the UIM provisions of his auto policy and bad faith or breach of the implied covenant of good faith and fair dealing for refusal to pay. (*See generally* Doc. 1.) Vermont Mutual responds that the accident was in its view a minor event which did not cause serious injury to Mr. Dowd and that it undertook an appropriate investigation of its insured's claim.

The court previously ruled that the case is governed by New Hampshire law and that New Hampshire law does not recognize a first-party bad faith insurance claim but does recognize

a cause of action for breach of the implied covenant of good faith and fair dealing. (*See* Doc. 27.) Defendant has filed a "Renewed Motion for Partial Summary Judgment," which again seeks a ruling that Defendant's exposure in this case is limited to the amount of the UIM insurance coverage. (Doc. 42.) Plaintiff filed a motion to schedule a trial date when civil trials resume. (Doc. 53.)

Rather than revisit familiar arguments about whether New Hampshire law permits an insured to seek damages for the insurer's conduct in investigating and responding to a first party claim, the court proposes bifurcation of the case into two halves: (1) a jury trial on liability and damages with respect to the Florida auto accident; and (2) a summary judgment ruling or jury trial later on the availability of consequential damages for breach of the implied covenant.

From the court's perspective, bifurcation has several advantages:

- It avoids the difficulty of trying the liability and damages case to a jury which also hears about the claims process, reserves, offers, and the other activities of an auto liability insurer. The first jury would only be asked to determine whether the accident occurred as a result of Mr. Dov's negligence and, if so, the full amount of personal injury damages.

- The first jury verdict could eliminate any need for the second trial if the amount of damages is less than the $100,000 already paid to Plaintiff. The verdict would also provide a basis for possible settlement, especially if it was close to the $100,000 figure.

- The legal issues raised in the renewed motion for partial summary judgment will not be affected by a delay while the liability and damages issues are tried. The first trial will also be considerably shorter than a trial on both claims, even if it were possible to try the liability and damages issues and the covenant of good faith issues to the same jury.

## Conclusion

Since counsel has not had an opportunity to evaluate this proposal, the court allows 30 days from the date of this Order for each side to file a memorandum supporting or opposing

bifurcation. Alternatively, the parties are free to talk and submit a joint stipulated response. The court will wait to hear from both sides before making a final decision about bifurcation.

Dated at Rutland, in the District of Vermont, this 9th day of September, 2020.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court